UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURA FREEMAN,

                Plaintiff,

v.

LIBERTY COMMUNICATIONS, INC., *et al.*,

                Defendants.

**REPORT AND RECOMMENDATION**

**Case No. 1:22-cv-1014-JLS-JJM**

---

Plaintiff Laura Freeman seeks relief against defendants (collectively "Liberty") for employment discrimination, retaliation, failure to pay wages, tortious interference with contractual relations, prospective economic advantage or business opportunity, libel, and slander. Complaint [1].[1] Before the court is Liberty's motion [3] for dismissal of Counts 15-21 of the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). The motion has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [6]. Having reviewed the parties' submissions [3, 19, 20] and heard oral argument on May 25, 2023 [22], for the following reasons I recommend that the motion be granted in part and denied in part.

## DISCUSSION

**Count 15**

Count 15 of the Complaint alleges "tortious interference with contractual relations, prospective economic advantage, or business opportunity". [1] at 22. In response to Liberty's motion, Freeman has withdrawn her claim for interference with contractual relations

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

(Freeman's Memorandum of Law [19-1], Part V), but insists that she has adequately alleged interference with prospective economic advantage or business opportunity. Id., Part I.

She has not. Liberty argues that "[t]o state a claim for tortious interference with prospective economic advantage or business relationships under New York law, a plaintiff must allege, *inter alia*, that: "it had a business relationship with a third party", and that "the defendant knew of that relationship and intentionally interfered with it". Defendants' Memorandum of Law [3-3] at 12, *quoting* Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003). While citing the same standard (Freeman's Memorandum of Law [19-1] at 9), Freeman admits that she has no such relationship with a third party: "since leaving [Liberty's] employ, [she] has sought other employment in the radio industry, but, as of yet, has been unsuccessful". Id.; Complaint [1], ¶53 ("[s]ince leaving [Liberty's] employ, plaintiff has been unable to secure employment").

At the very least, Freeman must plausibly allege that she "had a reasonable probability of entering into a business relationship with a third party . . . . Mere vague and conclusory allegations of such a probability are not sufficient". Harding v. Dorilton Capital Advisors LLC, ___F. Supp.3d___, 2022 WL 10650256, *11 (S.D.N.Y. 2022). However, her Complaint suffers from the same flaws which led to dismissal in Harding: "The Complaint does not set forth any particulars regarding any business relationships into which Plaintiff expected to enter. Plaintiff does not identify any employers who refused to hire him on the ground that he had been fired by Dorilton; it does not identify any opportunities that Plaintiff had that were taken away from him after, for example, a reference check at Dorilton. Instead, it alleges only that Plaintiff's background and longtime presence in the IT industry resulted in a reasonable expectation of relationships. That is legally insufficient." Id.

Therefore, I recommend that Count 15 be dismissed.

**Counts 16-19**

Counts 16-19 allege slander, slander per se, libel, and libel per se. "[T]o state a claim for defamation, a complaint must adequately identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." Underdog Trucking, LLC, Reggie Anders v. Verizon Services Corp., 2010 WL 2900048, *7 (S.D.N.Y. 2010). However, other than referring to "defamatory statements to employers in Plaintiff's chosen industry" (Complaint [1], ¶53), Freeman offers no detail as to the content of the statements, or as to when or to whom they were made, admitting that "[s]uch facts were not fully pled in the initial Complaint". Freeman's Memorandum of Law [19-1] at 14.

Therefore, these claims fail to state a cause of action, and should be dismissed. *See* Seung-Yong Ok v. New York City Department of Education, 2018 WL 2121562, *2 (E.D.N.Y. 2018) ("[p]laintiff does not identify any allegedly defamatory or libelous statements by defendant . . . the Court therefore dismisses the defamation and libel claims against that defendant"); Hawkins v. City of New York, 2005 WL 1861855, *18 (S.D.N.Y. 2005) ("[t]he failure to identify both the individuals to whom the statement allegedly was made and the content of that statement is fatally defective to [plaintiff's] attempt to state a libel or slander cause of action").

**Count 20**

Count 20 alleges intentional infliction of emotional distress. "Under New York law, the elements of a claim of intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection

between the conduct and injury; and (4) severe emotional distress." Freeman's Memorandum of Law [19-1] at 13.

"The rigor of the outrageousness standard is well established . . . . Conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Lan Sang v. Ming Hai, 951 F. Supp. 2d 504, 530 (S.D.N.Y. 2013). "Recovery for [such] claims is available only where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation . . . .This threshold is exceedingly difficult to meet." Id.

If true, the misconduct alleged by Freeman (detailed in Freeman's Memorandum of Law [19-1] at 13) is certainly not to be condoned. However, neither that conduct, nor its effect upon Freeman, rise to the level necessary to sustain this cause of action. Therefore, Count 20 should be dismissed.

**Count 21**

Count 21, alleging negligent infliction of emotional distress, has been withdrawn. *See* Freeman's Memorandum of Law [19-1], Part V.

**Leave to Replead**

Although Liberty seeks dismissal of Counts 15-21 with prejudice, Freeman requests leave to amend "to correct any . . . deficiencies" in those Counts. Freeman's Memorandum of Law [19-1] at 14.

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). "Here, nothing in the record suggests the deficiencies with the Complaint are substantive such that Plaintiff[ ] cannot overcome the deficiencies . . . . As such, Plaintiff[ ] should be granted leave to file an amended complaint addressing the deficiencies." Williams v. D'Youville College, 2022 WL 18494425, *14 (W.D.N.Y. 2022), adopted, 2023 WL 1071663 (W.D.N.Y. 2023) (Sinatra, J.).

### CONCLUSION

For these reasons, I recommend that defendants' motion to dismiss [3] be granted in part and denied in part, by dismissing Counts 15-20 of the Complaint, with leave to replead, and dismissing Count 21 as withdrawn. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by June 15, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  June 1, 2023

<u>/s/Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
